# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA JUDITH CARDENAS SANCHEZ,<br><br>                       Petitioner,<br><br>vs.<br><br>ERIC H. HOLDER, Attorney General of the United States; LEON RODRIGUEZ, Director of the USCIS<br><br>                       Respondents. | CASE NO. 15cv0089-GPC(WVG)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241** |

On January 15, 2015, Petitioner Maria Judith Cardenas Sanchez ("Petitioner"), proceeding *pro se*, and currently released on bond from custody from the Department of Homeland Security ("DHS"), U.S. Immigration and Customs Enforcement ("ICE"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking a stay of her removal proceedings and a ruling on her application for "deferred action." Respondent filed a response on February 27, 2015. (Dkt. No. 3.) Petitioner did not file a reply. After a thorough review of the brief, supporting documents and applicable law, the Court DENIES the petition for writ of habeas corpus.

## Background

Petitioner is a native and citizen of Mexico and DHS first encountered her on July 31, 2010, when she attempted to gain entry to the United States at the Calexico port of entry by presenting a false document. (Dkt. No. 3-1, Resp't Exs. at 1-2.) At

1  that time, she stated under oath that she was single and had no children, that she had
2  been living in San Jose, California for five years, and that she had no fear of returning
3  to her home in Mexico. (Id. at 2, 4-5, 7.) She was ordered removed in expedited
4  removal proceedings, and she acknowledged that she could not immigrate to the United
5  States for five years without obtaining permission from DHS or the Attorney General.
6  (Id. at 6.)

7        About three weeks later, on August 24, 2010, Petitioner attempted to gain entry
8  to the United States at the Otay Mesa port of entry by presenting a false document as
9  a passenger in a vehicle. (Id. at 8-10.) At that time, she stated under oath that she had
10 children, that she had lived in the United States for about eight years, and that she had
11 no fear of returning to Mexico. (Id. at 12-14.) She was once again ordered removed
12 in expedited removal proceedings, this time with a twenty-year bar to returning to the
13 United States. (Id. at 10.)

14       About four years later, on July 22, 2014, Petitioner and her husband[1], and two
15 U.S. born children arrived at the San Ysidro port of entry.[2] (Id. at 15.) Petitioner and
16 her husband applied for admission at the San Ysidro port of entry, seeking an
17 opportunity to apply for asylum. (Id. at 15, 17.) U.S. Customs and Border Protection
18 referred both of them to U.S. Citizenship and Immigration Services ("USCIS") for
19 "credible fear" interviews before an asylum officer. (Id. at 30.) An asylum officer
20 determined that they had a credible fear of persecution or torture and should be allowed
21 to present their asylum applications before an IJ in removal proceedings. (Id.) Both
22 were placed in removal proceedings. (Id. at 31-34.) On September 16, 2014, ICE
23 released Petitioner from custody pending her removal proceedings, upon her posting
24 a $1500 bond. (Id. at 35-37.) Her husband remains in custody. Her next hearing

---

26  [1]Her husband, Echeverria Lopez Luciano, has a related petition for writ of
27  habeas corpus filed in case no. 15cv90. His petition is nearly identical to Petitioner's petition.

28  [2]On another form, the report stated that Petitioner presented at the San Ysidro port of entry and was traveling alone. (Dkt. No. 3-1, Resp't Ex. at 17.)

before the IJ was scheduled to take place on June 3, 2015. (Id. at 39-40.)

In her petition, Petitioner seeks a stay of her removal proceedings and seeks the Court to grant her claim for "Statutory Eligibility for Deferred Action, Pursuant to Section 274A(h)(3) of the Immigration and Nationality act." (Dkt. No. 1 at 22.) She also alleges consideration of her application for "Deferred Action USCIS Form I-821D." (Id. at 2.) Besides her unverified allegation, she does not attach a copy of an application for deferred action. She also alleges facts and arguments to support her asylum claim and her eligibility for deferred action.

While not referenced or alleged in the petition, Respondent argues Petitioner is seeking Deferred Status for Parents of Americans and Lawful Permanent Residents ("DAPA")[3]. On November 20, 2014, DHS announced its DAPA Deferred Action was to be implemented in mid-to-late May 2015. (Dkt. No. 3-1, Resp't Ex. at 41-46.) On February 16, 2015, the U.S. District Court for the Southern District of Texas enjoined implementation of DAPA. Texas v. United States, –F. Supp.3d –, 2015 WL 648579 (S.D. Tex. Feb. 16, 2015). On May 26, 2015, the Fifth Circuit denied the government's motion to stay the preliminary injunction. Texas v. United States, –F.3d–, 2015 WL 3386436 (5th Cir. May 26, 2015).

**A.     No Case and Controversy**

Respondent argues that Petitioner has failed to state a case and controversy because DAPA has not yet been implemented and it does not appear that Petitioner applied for DAPA relief or other deferred action. Respondent also argues that there is no adverse action for the Court to consider and Petitioner has failed to pursue and exhaust her administrative remedies.

Judicial review is permitted only upon review of final orders. 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken

---

[3] DAPA refers to the DHS's recent policy to exercise prosecutorial discretion with respect to parents of U.S. citizens or lawful permanent residents living in the United States continuously since January 1, 2010. (Dkt. No. 3-1, Resp't Ex. at 41-46.)

or proceeding brought to remove an alien from the United States under this chapter shall be available only in judicial review of a final order under this section."). Since there does not yet appear to be a final order, judicial review is not permitted. See Galindo–Romero v. Holder, 640 F.3d 873, 877 (9th Cir. 2011). Moreover, habeas relief for final orders of removal lies only with the court of appeals. 8 U.S.C. § 1252(a)(5); Mamigonian v Biggs, 710 F.3d 936, 941 (9th Cir. 2013). Here, based on the record before the Court, Petitioner is still in removal proceedings and the IJ has not yet ruled.

In addition, "[a]n applicant's failure to properly raise an issue to the BIA generally constitutes a failure to exhaust, thus depriving us of jurisdiction to consider the issue." Cervantes v. Holder, 772 F.3d 583, 590 (9th Cir. 2014). Since the case is still in removal proceedings before the IJ, the issue has not yet been raised with the BIA. Therefore, Petitioner has failed to exhaust.

Moreover, while it is not clear which deferred action Petitioner is referencing, it does not appear that she has a pending application. The Court concludes that the petition contains no case or controversy, and is not ripe for review.

**B.    Jurisdiction**

Petitioner seeks a stay of her removal proceedings and appears to seek a ruling that the Court grant her deferred action. Respondent argues that the Court does not have jurisdiction to stay removal proceedings pursuant to 8 U.S.C. § 1252(g).

Section 1252(g) provides that a court lacks jurisdiction to hear claims by an alien arising from decisions or actions by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders except as provided in that section. Reno v. Am.-Arab Anti–Discrimination Comm., 525 U.S. 471, 477 (1999).

8 U.S.C. § 1252(g) provides that,

(g) Exclusive jurisdiction
Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action

    by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). This provision was enacted to provide some measure of protection to "no deferred" action decisions and similar discretionary determinations to abandon prosecution at any stage in the deportation process. Reno, 525 U.S. at 483. Similarly, the Court lacks jurisdiction to consider whether Petitioner is eligible for any Deferred Action under 8 U.S.C. § 1252(g). Fabian–Lopez v. Holder, 540 Fed. App'x 760, 761 n. 2 (9th Cir. 2013) ("We lack jurisdiction to consider whether [petitioner] is eligible for consideration for Deferred Action for Childhood Arrivals."); see also Gama v. Baran, No. 13-2162 WBX KJN, 2014 WL 1616443, at *2 (E.D. Cal. Apr. 22, 2014) (parties agree that the court lacks jurisdiction to consider DACA eligibility). In addition, the Court has no jurisdiction to review denials of a deferred action status petition. Mada-Luna v. Fitzpatrick, 813 F.2d 1006, 1011 n. 4 (9th Cir. 1987).

    Therefore, the Court concludes it lacks jurisdiction to stay her removal proceedings and make a determination on her deferred action eligibility.[4]

**Conclusion**

    Based on the above, the Court DENIES the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Clerk of Court shall close the case.

    IT IS SO ORDERED.

DATED: July 13, 2015

                                           HON. GONZALO P. CURIEL
                                           United States District Judge

---

[4] Respondent also argues that the petition should be dismissed with leave to amend because Petitioner failed to name the proper Respondent by failing to name his immediate custodian. Since the Court denies the petition, the Court need not address this issue.